J-A20003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROSENBAUM AND ASSOCIATES, P.C., JEFFREY ROSENBAUM AND DAVID ROSENBAUM | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | No. 1604 EDA 2021 |
| | : | |
| RICHARD L. SCHEFF AND ARMSTRONG TEASDALE, LLP | : : | |

Appeal from the Order Entered July 30, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  201000739

BEFORE:  STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*]

DISSENTING MEMORANDUM BY PELLEGRINI, J.: **FILED OCTOBER 27, 2022**

This appeal involves the granting of preliminary objections in the nature of a demurrer to an action brought by the Rosenbaum parties (Rosenbaum) against Richard L. Scheff and Armstrong Teasdale, LLP (collectively, Scheff) for allegedly aiding and abetting a breach of a fiduciary duty to extort the payment of purported attorneys' fees claimed by Maurice Mitts of Mitts Law, LLC (Mitts) who represented Rosenbaum in an action against another law firm, Morgan & Morgan (Morgan), that resulted in a confidential settlement between

_____

[*] Retired Senior Judge assigned to the Superior Court.

J-A20003-22

Morgan and Rosenbaum.[1]  The issue in this case is whether Rosenbaum has sufficiently pled damages to make out a cause of action for aiding and abetting a breach of a fiduciary duty[2]  Because I would hold that it has sufficiently pled a cause of action, I respectfully dissent.

---

[1] Our standard of review in determining whether a trial court erred in sustaining preliminary objections in the nature of a demurrer is well settled.

> "[A] trial court's decision to grant or deny a demurrer involves a matter of law, [and] our standard for reviewing that decision is plenary." **Donaldson v. Davidson Bros.**, 144 A.3d 93, 100 (Pa. Super. 2016) (citations omitted).
>
> When reviewing the dismissal of a complaint based upon preliminary objections in the nature of a demurrer, we treat as true all well-pleaded material, factual averments and all inferences fairly deducible therefrom.  Where the preliminary objections will result in the dismissal of the action, the objections may be sustained only in cases that are clear and free from doubt. To be clear and free from doubt that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts averred.  Any doubt should be resolved by a refusal to sustain the objections.

**Stewart v. FedEx Exp.**, 114 A.3d 424, 426 (Pa. Super. 2015) (citations omitted).  "The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven." **Barton v. Lowe's Home Centers, Inc.**, 124 A.3d 349, 354 (Pa. Super. 2015) (citation omitted).  Additionally, we "will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion." **Id.**

[2] Section 876 of the Restatement (Second) of Torts provides:

> **For harm resulting to a third person from the tortious conduct of another**, one is subject to liability if he

*(Footnote Continued Next Page)*

It is unnecessary to set forth fully the underlying facts because the majority ably sets them forth in its Memorandum. Simply, Rosenbaum's claim is that Scheff threatened to file a complaint on behalf of Mitts that would disclose the confidential agreement with Morgan unless the case was settled at favorable terms to Mitts, and that Rosenbaum also rejected any request that its complaint be filed under seal. To foreclose that from occurring and seeking damages for losses claimed, Rosenbaum filed the instant action seeking damages that it claims flowed from Scheff's attempted extortion because it injured its business relationship with Morgan causing it to suffer damages.

The trial court granted Scheff's preliminary objections and dismissed the action without prejudice. It did so because while the other elements for a

---

       (a) does a tortious act in concert with the other or pursuant to a common design with him, or

       (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or

       (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

Restatement (Second) of Torts § 876 (emphasis added); ***see also Linde v. Linde***, 220 A.3d 1119, 1145 (Pa. Super. 2019) (recognizing a claim for aiding and abetting a breach of fiduciary duty under Section 876).

- 3 -

breach of a fiduciary duty had been established, there was not a breach until the confidential agreement had been disclosed, and until it was disclosed, any claim of damages was premature. In doing so, the trial court stated:

> The Rosenbaum parties' complaint against [Appellees] is really a complaint that the latter engaged in extremely aggressive litigation tactics in the underlying action, which may even rise to the level of a failed extortion attempt. So far, the Rosenbaum parties['] only losses or injuries that were allegedly caused by [Appellees'] actions appear to be the attorneys' fees the Rosenbaum parties are incurring representing themselves in this action and the underlying action. Claims for such fees are better asserted after the underlying litigation is resolved, such as by way of an abuse of process or malicious prosecution claim if the Rosenbaum parties prevail on the claims asserted against them in the counterclaim and joinder complaint.

The majority agrees with the trial court that the complaint has not sufficiently pled a claim because Rosenbaum proffered no allegations in its complaint to establish causation that Scheff's conduct led to the destruction of the Morgan-Rosenbaum business relationship. However, the majority then goes on to reverse the trial court's order because the trial court's dismissal of the action was based on the "mistaken belief that the alleged aiding and abetting breach of fiduciary duty has yet to occur" when, according to the Rosenbaum complaint, its purported aiding and abetting the breach of a fiduciary duty and injury have already occurred according to the allegations in the complaint.

Unlike the majority, I would hold that Rosenbaum has pled a cause of action that Scheff, in his representation of Mitts, has aided and abetted Mitts in breaching his fiduciary duty that he owed to Rosenbaum. In its dismissal,

- 4 -

the trial court was of the belief that until the confidential document was disclosed, there was no breach of a fiduciary duty and necessarily no damages until that occurred. However, the confidential agreement did not have to be disclosed for there to be a breach of a fiduciary duty because an attorney, when representing a client in a matter, owes a duty to act in a client's best interest and not to use the threatened disclosure of a confidential agreement to extort a settlement of its fees on favorable terms. Moreover, Scheff, by threatening to disclose the confidential agreement and refusing to file the matter under seal, aided and abetted in breaching Mitts' fiduciary duty to Rosenbaum making him liable for any damages caused by his threats.

While the majority does not disagree that aiding and abetting a breach of a fiduciary duty occurred by Scheff's threat to disclose the confidential settlement, it finds that the cause of action was not made out because the complaint does not plead that Rosenbaum has incurred damages because of that threat.[3] However, in paragraph 71 of the complaint, Rosenbaum contended that Scheff's breach "negatively impacted Rosenbaum's relationship with Morgan & Morgan" and in paragraph 76 of the complaint

_____

[3] "To prevail on [a] breach of fiduciary duty claim[], [a plaintiff is] required to prove the following elements: the existence of a fiduciary relationship between [the p]laintiff and [the defendant], that [the defendant] negligently or intentionally failed to act in good faith and solely for [the plaintiff's] benefit, and that [the plaintiff] suffered an injury **caused by** [the defendant's] breach of [its] fiduciary duty." *Snyder v. Crusader Servicing Corp.*, 231 A.3d 20, 31 (Pa. Super. 2020) (citations and footnote omitted; emphasis added).

asked that "damages to the interference of [Rosenbaum's) business relationship with Morgan, together with punitive damages" be awarded. It is even obvious that Scheff made the threat because he knew that it would damage Rosenbaum's business with Morgan; otherwise, why would he make the threat. In any event, paragraphs 71 and 76 were sufficient to satisfy the requirement that Rosenbaum plead that he suffered damages that were caused by Scheff's threats.

Accordingly, for the foregoing reasons, I respectfully dissent.